UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BISCHOFF,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

Case No. 1:16-CV-404

HON. ELLEN S. CARMODY

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 12.)

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.

### STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo*

review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was fifty-seven years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.39, 113.) He completed his formal education after the tenth grade, and was previously employed as a companion, drill press operator, and as a die casting machine operator. (PageID.94, 211.) Plaintiff applied for benefits on May 22, 2013, alleging disability beginning

2

March 1, 2009, due to an inability to concentrate, a mental illness, and degenerative disc disease. (PageID.113, 124, 177–193.) Plaintiff's application was denied on October 14, 2013, after which time he requested a hearing before an ALJ. (PageID.138–145, 149–150.) On September 25, 2014, shortly before the administrative hearing in this matter, Plaintiff amended his onset date to February 28, 2013, the date of his fifty-fifth birthday. (PageID.285.) On October 8, 2014, Plaintiff appeared with his counsel before ALJ MaryJoan McNamara for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.58–111.) In a written decision dated April 20, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.39–57.) On March 16, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.32–36.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*. 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (noting that the ALJ determines RFC at step four, at which point the claimant bears the burden of proof).

ALJ McNamara determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2013, his amended alleged onset date. (PageID.44.) At step two, the ALJ determined Plaintiff had the severe impairments of degenerative disc disease, hypertension, and cognitive disorder. (PageID.44–46.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of any listing in the Listing of Impairments. (PageID.47–48.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments, to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that he can only lift 20 pounds frequently, lift 50 pounds

4

occasionally, can occasionally climb ladders, ropes, and scaffolds, can frequently climb ramps or stairs, can unlimitedly balance, and can frequently stoop, kneel, crouch, and crawl. Moreover, the claimant is able to understand and carry out simple one to two step instructions, is able to engage in ordinary work routines that do not change much, and is able to interact appropriately with others but would be best off working with things rather than people, and if he is working with people, he should have no more than occasional interaction.

(PageID.48.) Continuing with the fourth step, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (PageID.52.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform other work as a laundry worker (377,000 national positions), auto detailer (195,000 national positions), and kitchen helper (282,000 national positions). (PageID.94–96.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.53.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from February 28, 2013, the amended disability onset date, through April 20, 2015, the date of decision. (PageID.53.)

## DISCUSSION

### 1.     The ALJ's Evaluation of the Medical Opinion Evidence.

On July 11, 2013, Plaintiff was seen for a neuropsychological assessment with Dr. Mark DeVries, PhD, after being referred for the assessment by Dr. Jonathan Dargo, M.D., of the Pine Rest Southwest Clinic. Plaintiff was referred for the assessment due to his complaints of confusion, comprehension difficulties, and memory impairment. (PageID.397.)

5

Dr. DeVries noted that though Plaintiff was able to complete the testing, he "was not able to organize his thoughts very well during the clinical interview, and had a tendency to interrupt quickly or to go off on a tangent." (PageID.397.) The doctor summarized his findings as follows:

> On testing, Mr. Bischoff shows significant limitations in intellectual ability that are likely longstanding. He also shows significant impairments in memory and executive functioning. It is clear from his cognitive impairments and behavior problems (frequent interrupting, use of profanity, poor frustration tolerance and poor task persistence) that he is not able to hold employment and should be considered disabled.

(PageID.398.) Plaintiff had scored a 21 out of 30 on a mini-mental state exam. He could not name the facility where he was, refused to continue testing on serial sevens, and forgot two out of three memory words. (PageID.398.) He scored a full scale IQ of 72, putting him in the borderline range. (PageID.400.) It was noted he had a tendency to give up quickly on difficult items and had a poor tolerance for frustration. (PageID.400.) Furthermore his memory was significantly impaired, as was his executive functioning. (PageID.399–400.) Dr. DeVries concluded that:

> In my opinion, Mr. Bischoff should be considered disabled. This is not only due to cognitive and intellectual limitations but also to behavior problems. As noted above, he shows poor task persistence and difficulties with frustration tolerance. He also appears impulsive with his language and used a number of profanities when frustrated during the assessment and also acknowledged that he told off a physician in the hospital using a profane expression. I doubt that Mr. Bischoff would be able to control his behavior and inhibit these impulses in a work environment, particularly if any frustration is involved or task persistence is needed.

(PageID.401.) The ALJ proceeded to give "some weight" to the doctor's opinion:

> While the claimant's objective IQ score of 72 and noted memory and concentration issues are generally consistent with the evidence of record, as discussed above, Dr. DeVries' opinion that the claimant is disabled is generally inconsistent with the record. For example, the opinion is inconsistent with recent examination, which showed that

6

> the claimant's memory was intact in three spheres and showed that the claimant was alert, oriented, and able to maintain concentration. Moreover, the opinion is generally inconsistent with the claimant's activities of daily living, such as playing billiards, video games, and shopping, which shows that the claimant remains capable of performing activities requiring memory and concentration. Additionally, his opinion infringes on a matter reserved for the Commissioner, whether the claimant is disabled. As such, Dr. DeVries' opinion is only entitled to some weight."

(PageID.51.) While acknowledging that opinions regarding disability are reserved to the Commissioner, Plaintiff contends the above discussion is nonetheless flawed, as it finds the opinion to be consistent, but then inconsistent, with the record. The Court agrees.

As a one time examining physician, the treating physician rule does not apply to Dr. DeVries' opinions. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Because Dr. DeVries was not a treating physician, the ALJ was not "under any special obligation to defer to [his] opinion[s] or to explain why he elected not to defer to [them]." *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 744 (6th Cir. 2011); *see Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010); *see also Perry ex rel. G.D. v. Comm'r of Soc. Sec.*, 501 F. App'x 425, 426 (6th Cir. 2012) ("An ALJ need not 'give good reasons' for the weight he assigns opinions from physicians who . . . have examined but not treated a claimant."). Rather the weight to be given the opinion is evaluated under the factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c). The ALJ is responsible for weighing conflicting medical opinions, not the court. *See Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001); *see also Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."); accord *White v. Comm'r of Soc. Sec.*, 572 F.3d at 284.

While the ALJ found Dr. DeVries' opinion regarding Plaintiff's IQ score, memory, and concentration issues were generally consistent with the evidence of record, it does not appear that she incorporated them into the RFC. Plaintiff's use of profanity as well as his inability to control his behavior and impulses are certainly inconsistent, for example, with the ALJ's conclusion that Plaintiff was able to interact appropriately with others. The Commissioner's argument to the contrary, (PageID.677), is not persuasive as the reasons offered by the ALJ for discounting the opinion appear directed at the doctor's opinions regarding disability, not the opinions regarding memory and concentration. An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). On this record, by finding the doctor's conclusions regarding concentration and memory issues consistent with the record, but failing to incorporate them into the RFC, the Court is unable to trace the path of the ALJ's reasoning. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation of Dr. DeVries' opinion.

### 2. The ALJ's Evaluation of Plaintiff's Mental Health Records.

Next, Plaintiff argues the ALJ erred because, although he received extensive mental health treatment at Pine Rest, the ALJ gave these records only a few lines of discussion at step two and limited her discussion to the GAF scores contained in those records. Plaintiff contends the ALJ should have discussed these records, and the contents discussing Plaintiff's cognitive deficits, in the RFC discussion. Plaintiff further contends that the ALJ erred by failing to discuss an opinion from his therapist, Ms. Nancy Curtis. While the Court agrees the ALJ could have provided a better discussion of these records, the Court finds no reversible error.

Plaintiff correctly notes that "[i]n making any determination with respect to whether an individual is under a disability or continues to be under a disability, the Commissioner of Social Security shall consider all evidence available in such individual's case record." 42 U.S.C. § 423(d)(5)(B). However, there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547–48 (6th Cir. 2002). "An ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005). Here, the ALJ noted she had made her RFC determination "[a]fter careful consideration of the entire record." That, along with the fact that the ALJ did discuss these records earlier in the decision (albeit not in the manner Plaintiff may prefer) indicates that the ALJ fulfilled her obligation.

Finally, Plaintiff argues the ALJ should have discussed the opinion of Ms. Nancy Curtis, Plaintiff's therapist. On September 24, 2014, Ms. Curtis wrote a letter summarizing her treatment with Plaintiff. She indicated that Plaintiff continued to experience difficulty with comprehension, processing conversations and simple directions, and staying on task. She concluded that she believed Plaintiff was "a good candidate" for disability. (PageID.600.) Plaintiff contends the ALJ violated SSR 06-03p by failing to discuss this opinion. (PageID.663.) However, "SSR 06–3p does not require that an ALJ discuss opinions supplied by 'other sources' or to explain the evidentiary weight assigned thereto." *Hickox v. Comm'r of Soc. Sec.*, No. 1:09–cv–343, 2010 WL 3385528, at *7 (W.D. Mich. Aug. 2, 2010), *report and recommendation adopted*, No. 1:09–CV–343, 2011 WL 6000829 (W.D. Mich. Nov. 30, 2011). But even if the Plaintiff could demonstrate the ALJ erred in failing to follow this SSR, any error would be harmless. *See Wilson v. Comm'r of Soc. Sec.*,

378 F.3d 541, 547 (6th Cir. 2004). This is because much of Ms. Curtis' opinion is vague, and expresses only an opinion that Plaintiff would have difficulty in several areas. Accordingly, it is entirely possible that these opinions are consistent with the ALJ's RFC finding. Moreover, to the extent Ms. Curtis' contends Plaintiff is disabled, such a determination is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004.)

For all the above reasons, the Court finds no reversible error.

### 3. Remand is Appropriate.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 F. App'x at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **VACATED** and the matter **REMANDED** for further factual findings including, but not necessarily limited to, further evaluation of Dr. DeVries' opinion, pursuant to sentence four of 42 U.S.C. § 405(g).

A separate judgment shall issue.

Date: April 11, 2017             /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge